

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-2006

# Forrester v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Forrester v. Atty Gen USA" (2006). *2006 Decisions.* Paper 20.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/20

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1742
_____

MARCIA FORRESTER,

Appellant,

v.

ATTORNEY GENERAL; COMMISSIONER, DHS;
DONALD MONICA, DISTRICT DIRECTOR, ICE;
UNITED STATES I.C.E.

_____

On Review of a Decision of the Board of Immigration Appeals
Agency No. A93 268 760
Immigration Judge Walter Durling
Transferred pursuant to the REAL ID Act from the
Eastern District of Pennsylvania
(No. 04-cv-02712)
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2006
_____

Before:  FISHER, CHAGARES, and GREENBERG Circuit Judges,

(Filed December 27, 2006)


OPINION OF THE COURT

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Marcia Forrester is a Jamaican citizen who obtained lawful permanent resident status in 1992.  Pursuant to the Immigration and Naturalization Act (INA), the Immigration and Naturalization Service (INS) sought to deport Forrester in 2003 after she was convicted of narcotics trafficking.  Forrester sought withholding of removal and relief under the Convention Against Torture (CAT), because she fears persecution and torture upon removal to Jamaica on account of her sexual orientation.  An Immigration Judge (IJ) denied Forrester's application for withholding of removal, but granted a stay of removal pursuant to CAT.  After a cross-appeal, the Board of Immigration Appeals (BIA) affirmed the IJ's determination that Forrester was not eligible for withholding of removal, but reversed the IJ's decision that Forrester was entitled to CAT relief.  In this appeal, Forrester argues (i) that her due process rights were violated by the Attorney General's determination that, as a convicted drug offender, she was presumptively removable; and (ii) that the BIA erred in overruling the IJ's decision that she was entitled to CAT relief.  Because Forrester's due process rights were not violated and because the BIA's denial of CAT relief was supported by substantial evidence, we will deny Forrester's petition for review of the BIA's decision.

I.

As we write only for the parties, our summary of the facts is brief.  Forrester entered the United States illegally in 1979, but pursuant to a class action settlement, became a lawful permanent resident in December 1992.  After encountering financial difficulties in 2001, Forrester began to work in a drug ring delivering cocaine.  After delivering cocaine to undercover New York police officers, Forrester was arrested and convicted of unlawful sale of a controlled substance.  Thereafter, on September 3, 2003, the INS sought to deport Forrester as an "aggravated felon" pursuant to 8 U.S.C. § 1101(a)(43).  Forrester sought withholding of removal and, alternatively, a stay of removal under CAT.

In a hearing before the IJ in 2004, Forrester testified about her fear of persecution if she was deported to Jamaica.  Specifically, Forrester testified that she had returned to Jamaica four times since she entered the United States.  On one of these visits, Forrester took her then-significant other with her.  While she and her significant other were parked near a beach, Forrester testified that locals threw stones at their car and chased them away.  No such incidents occurred on any of Forrester's other three visits to Jamaica.  Forrester also testified that in Jamaica, homosexuals are "killed, they are tortured, humiliated, they go to prison."  When asked if she knew of any other homosexuals who had been victimized, Forrester testified that, when she was thirteen years old, she knew an older man who was beaten because he was suspected of engaging in a homosexual relationship with another man.  When asked to describe her fear if she was removed to

3

Jamaica, Forrester stated that she feared being raped, victimized, and humiliated by the locals and the police.

The IJ determined that Forrester was removable on the basis of her conviction, but held that Forrester was entitled to CAT relief. While the IJ conceded that "references of persecution against gays and homosexuals in Jamaica in the Department of State Country Reports is rather scanty," the IJ noted that he was taking "administrative notice of the intolerance of Jamaican society towards homosexuals." The IJ further stated that he was "prepared to find a de facto government policy of permitting gay bashing throughout the country, with little or no legal consequences against either the citizens or officials, particularly police officers." Accordingly, the IJ concluded that there was "almost a virtual certainty" that Forrester would suffer torture if she were returned to Jamaica on account of her sexual orientation. The IJ went on to say that Forrester had shown government acquiescence, because "by virtue of [Jamaican] laws, she would be criminalized if she is encountered in any manner by police, even as a victim, due to her sexual orientation." Based on these assertions, the IJ granted Forrester CAT relief.

Both parties appealed. The BIA upheld the IJ's decision denying withholding of removal, but reversed the IJ's determination that Forrester was entitled to CAT relief. Regarding the CAT claim, the BIA determined that Forrester had not provided sufficient evidence that it was more likely than not that she would be tortured either by government authorities themselves or with their acquiescence. While the BIA acknowledged that the record contained evidence that "homosexuals in Jamaica experience discrimination,

4

harassment, and violence," it noted that there was no record evidence that the Jamaican government acquiesced to the torture of homosexuals. In reversing the IJ, the BIA concluded that "[a]bsent any clearly identifiable, commonly known facts or references to official documents, it was error for the Immigration Judge to take administrative notice and conclude that there was a de facto government policy of gay bashing throughout [Jamaica] with little or no legal consequences for the abusers or victims."

On May 28, 2004, Forrester filed a petition seeking a writ of habeas corpus, asking the District Court to overturn the BIA's decision. The District Court denied Forrester's petition on February 3, 2005, and affirmed the BIA. This appeal ensued.[1]

## II.

We exercise plenary review over the BIA's legal determinations. Kamara v. Attorney General, 420 F.3d 202, 210 (3d Cir. 2005). We review findings of fact under the "extremely deferential" substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). We will not vacate the BIA's factual findings unless "[a]

---

[1]After the District Court denied Forrester's habeas petition, and while this appeal was pending, Congress passed the REAL ID Act on May 11, 2005. Among other things, the REAL ID Act stripped district courts of jurisdiction of habeas petitions filed by criminal aliens in an effort to avoid removal. The REAL ID Act is silent as to the exact procedural posture we face here—an appeal from a denial of habeas relief now pending before the court of appeals. See Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006). We have previously held that in cases such as this one, the "appropriate way to treat a pending appeal from the district court's habeas petition, is to vacate and disregard the district court's opinion and address the claims raised in the habeas petition as if they were presented before us in the first instance as a petition for review." Id. (internal quotations omitted). Accordingly, we will consider Forrester's claims as if they were first presented in a petition for review of the BIA's decision.

5

reasonable adjudicator would be compelled to conclude to the contrary." Toure v. Attorney General, 443 F.3d 310, 316 (3d Cir. 2006).

A.

Forrester argues that the BIA deprived her of due process by relying on the Attorney General's decision in Matter of Y-L, 23 I & N Dec. 270 (A.G. 2002). Specifically, Forrester argues that this decision runs afoul of our decision in Chong v. District Director, 264 F.3d 378 (3d Cir. 2001), in which we determined that due process forbids the BIA from "blindly following a categorical rule [that] all drug convictions qualify as 'particularly serious crimes'" within the meaning of the INA. Id. at 387 (internal citations omitted). Chong teaches that the BIA must make an "individualized determination" as to whether an alien has committed a "particularly serious crime" by examining the specific facts of each case. Id. Forrester argues that Matter of Y-L contravenes Chong by establishing a categorical rule that drug offenses are by definition "particularly serious crimes" within the meaning of the INA.

Matter of Y-L does not establish any such categorical rule: It establishes only a rebuttable presumption that any alien who commits a drug offense will be deported. Id. at 270. Matter of Y-L also establishes a six-factor test to define the circumstances in which rebuttal of this presumption may be warranted. See id. at 276-77. For these reasons, Forrester's due process challenge must fail.

Forrester alternatively argues that even if the rebuttable presumption test established by Matter of Y-L passes constitutional muster, she presented evidence

6

sufficient to show that her crime should not be considered "particularly serious." This argument hinges on Forrester's assertion that her participation in the drug ring was "peripheral", not operative. See Matter of Y-L, 23 I & N Dec. at 276 (holding that, in order to avoid designation as a "particularly serious" offender, aliens convicted of drug crimes must show, inter alia, that their involvement in criminal activity was "merely peripheral"). The IJ rejected this argument, noting that Forrester had been involved in 13 different drug transactions. Because this conclusion was supported by substantial evidence, we must not disturb it.

B.

The sole remaining issue is whether the BIA's decision denying Forrester's request for CAT relief is supported by substantial evidence. To obtain CAT relief, Forrester bore the burden to show that "it is more likely than not that [she] . . . would be tortured if removed to" Jamaica, and that such torture will be instigated by or with the consent or acquiesence of a public official or other person acting in an official capacity. See 8 C.F.R. § 1208.18(a)(1) (defining eligibility criteria for CAT relief). The BIA noted that notwithstanding Forrester's obvious masculinity and lesbian status, she failed to offer any evidence that she was tortured or arrested on any of her four visits to Jamaica. The BIA also noted that even assuming arguendo that Forrester would suffer some sort of harassment or violence based on her sexual orientation that would otherwise qualify her for CAT relief, there was no evidence that the Jamaican government would acquiesce to

such mistreatment.  In light of the scant record evidence to the contrary, we cannot say that the BIA's determination in this regard was not supported by substantial evidence.

III.

For the foregoing reasons, we deny Forrester's petition for review.

8